UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
_____

KELVIN DAVID MOFFIT,

        Plaintiff,

v.

WILLIAM M. FAGERMAN et al.,

        Defendants.
_____/

Case No. 1:18-cv-916

Honorable Robert J. Jonker

## **OPINION**

        This is a civil rights action under 42 U.S.C. § 1983, initially brought by a state prisoner in the 28th Michigan Circuit Court for Missaukee and Wexford Counties and removed to this Court by Defendants. Under the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996) (PLRA), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. § 1915A. The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Defendants have filed a motion (ECF No. 5) to dismiss under Fed. R. Civ. P. 12(b)(6) and/or for summary judgment under Fed. R. Civ. P. 56(c). Dismissal on a motion under Rule 12(b)(6) is appropriate when the complaint fails to state a claim on which relief can be granted. Fed. R. Civ. P. 12(b)(6). Applying the dismissal standards of 28 U.S.C. § 1915A and Rule 12(b)(6), the Court will dismiss Plaintiff's complaint for failure to state a claim.

**Discussion**

I.         **Factual allegations**

Plaintiff is presently incarcerated with the Michigan Department of Corrections (MDOC) at the Central Michigan Correctional Facility (STF) in St. Louis, Gratiot County, Michigan. Plaintiff sues 28th Circuit Court Judge William M. Fagerman and Missaukee County Prosecutor Melissa Ransom.

Following a jury trial in the 28th Circuit Court for Missaukee County, Plaintiff was convicted of four counts of first-degree criminal sexual conduct involving a person under 13 years (CSC I), Mich. Comp. Laws § 750.520b(1)(a), and two counts of third-degree criminal sexual conduct involving a person between 13 and 15 years (CSC III), Mich. Comp. Laws § 750.520d(1)(a). On September 4, 1998, the court sentenced Plaintiff to four prison terms of 20 to 40 years on the CSC-I convictions and two terms of 10 to 15 years on the CSC-III convictions. Plaintiff has since been discharged on the CSC-III convictions, but he remains incarcerated on the CSC-I convictions.

In his complaint, Plaintiff alleges that his convictions were obtained without jurisdiction, because the order binding Plaintiff over from the district court to the circuit court contained defects. Plaintiff contends that he was denied his right to due process under the Fifth and Fourteenth Amendments by the alleged procedural irregularities. He also contends that, by prosecuting him despite the alleged jurisdictional defects, Defendants committed the intentional torts of fraud, malicious prosecution, and false imprisonment. Plaintiff acknowledges that Defendants Fagerman and Ransom did not hold their offices at the time of Plaintiff's conviction, but he alleges that they may be held liable for the deprivations of their predecessors. (*See* Compl,

ECF No. 1-1, PageID.11-15) (repeatedly referencing Defendants' liability for actions of their predecessors in office).

Plaintiff expressly sues Defendants only in their individual capacities, and he seeks damages in the amount of $25,000,000.00 from each Defendant.

## II.     Failure to state a claim

A complaint may be dismissed for failure to state a claim if it fails "'to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions. *Twombly*, 550 U.S. at 555; *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). The court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 679. Although the plausibility standard is not equivalent to a "'probability requirement,' . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – that the pleader is entitled to relief." *Iqbal*, 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)(2)); *see also Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010) (holding that the *Twombly/Iqbal* plausibility standard applies to dismissals of prisoner cases on initial review under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(i)).

3

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

### III. Claims under 42 U.S.C. § 1983

Plaintiff effectively challenges his incarceration by the State of Michigan. A challenge to the fact or duration of confinement should be brought as a petition for habeas corpus and is not the proper subject of a civil rights action brought pursuant to § 1983. *See Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973) (the essence of habeas corpus is an attack by a person in custody upon the legality of that custody and the traditional function of the writ is to secure release from illegal custody). Therefore, to the extent that Plaintiff's complaint challenges the fact or duration of his incarceration, it must be dismissed. *See Adams v. Morris*, 90 F. App'x 856, 858 (6th Cir. 2004) (dismissal is appropriate where § 1983 action seeks equitable relief and challenges fact or duration of confinement); *see also Moore v. Pemberton*, 110 F.3d 22, 23-24 (7th Cir. 1997) (reasons for not construing a § 1983 action as one seeking habeas relief include (1) potential application of *Heck v. Humphrey*, 512 U.S. 477 (1994), (2) differing defendants, (3) differing standards of § 1915(a)(3) and § 2253(c), (4) differing fee requirements, (5) potential application of second or successive petition doctrine or three-strikes rules of § 1915(g)).

To the extent Plaintiff seeks injunctive, declaratory or monetary relief for alleged violations of Constitutional rights, his claim is barred by *Heck v. Humphrey*, 512 U.S. 477, 486-

87 (1994), which held that "in order to recover damages for allegedly unconstitutional conviction or imprisonment, *or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid,* a § 1983 plaintiff must prove that the conviction or sentence has been [overturned]." *See Edwards v. Balisok*, 520 U.S. 641, 646 (1997) (emphasis in original). In *Heck*, the Supreme Court held that a state prisoner cannot make a cognizable claim under § 1983 for an allegedly unconstitutional conviction or for "harm caused by actions whose unlawfulness would render a conviction or sentence invalid" unless a prisoner shows that the conviction or sentence has been "reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Id.* at 486-87 (footnote omitted). The holding in *Heck* has been extended to actions seeking injunctive or declaratory relief. *See Edwards*, 520 U.S. at 646-48 (declaratory relief); *Clarke v. Stalder*, 154 F.3d 186, 189-90 (5th Cir. 1998) (claim for injunctive relief intertwined with request for damages); *Wilson v. Kinkela*, No. 97-4035, 1998 WL 246401, at *1 (6th Cir. May 5, 1998) (injunctive relief). Plaintiff's allegations clearly call into question the validity of his conviction. Therefore, his § 1983 action is barred under *Heck* until his criminal conviction has been invalidated.

A court's dismissal of a claim on the basis that it is barred by *Heck v. Humphrey* is properly considered a dismissal for failure to state a claim on which relief can be granted. *See Hunt v. Michigan*, 482 F. App'x 20, 22 (6th Cir. 2012) (a claim barred by *Heck* is properly dismissed for failure to state a claim).

**IV.    State-Law Claims**

Plaintiff alleges state-law claims for fraud, malicious prosecution, and false imprisonment. His allegations fail to state a claim for two reasons.

5

First, by his own admissions, Defendants did not hold the positions of judge and prosecutor at the time Plaintiff was convicted, and they took no part in the alleged fraud, malicious prosecution, and false imprisonment. Ordinarily, Michigan imposes "liability on a defendant only for his or her own acts of negligence, not the tortious conduct of others." *Laster v. Henry Ford Hlth. Sys.*, 892 N.W.2d 442, 447 (Mich. Ct. App. 2016). Under one exception to the general rule, an employer may be held vicariously liable under the theory of respondeat superior for the negligent acts of its employees taken within the scope of the employee's employment. *Id.* (citing *Hamed v. Wayne Cty.*, 803 N.W.2d 237, 244 (Mich. 2011)). In the absence of an employment relationship, a principal may be held liable for the tortious acts of an agent. *Id.* at 448. It is the power or ability of the principal to control the agent that justifies the imposition of vicarious liability. *Id.* (citing *Breighner v. Mich. High Sch. Athletic Ass'n, Inc.*, 662 N.W.2d 413, 421 (2003)).

Plaintiff alleges no employment or agency relationship between the prior judge and prosecutor and the Defendants here. He therefore fails to allege that Defendants are vicariously liable for the actions of their predecessors. As a result, Plaintiff fails to state a claim against Defendants because he fails to allege that they personally engaged in the tortious conduct fraudulently or falsely imprisoning him or maliciously prosecuting him.

Second, Defendants are entitled to absolute immunity under state law. The government tort liability act, Mich. Comp. Laws § 691.1401 *et seq.*, states in pertinent part:

> (5) A judge, a legislator, and the elective or highest appointive executive official of all levels of government are immune from tort liability for injuries to persons or damages to property if he or she is acting within the scope of his or her judicial, legislative, or executive authority.

Mich. Comp. Laws § 691.1407(5). The statute "provides certain high-ranking officials with absolute immunity from tort liability[.]" *Petipren v. Jaskowski*, 833 N.W.2d 247, 254 (Mich.

6

2013). To establish absolute immunity under Mich. Comp. Laws § 691.1407(5), "an individual governmental employee must prove . . . (1) that he or she is a judge, legislator, or the elective or highest appointive executive official of a level of government and (2) that he or she acted within the scope of his or her judicial, legislative, or executive authority." *Id.*

Even before the immunity statute became effective in 1986, the Michigan courts applied the common-law doctrine of judicial and prosecutorial immunity. *See Mundy v. McDonald*, 216 Mich. 444, 454; 185 N.W. 877 (1921) ("The principle that judges and courts of superior jurisdiction are immune from actions based upon judicial acts may be said to be as old as the beginning of the English common law."); *Belt v. Ritter*, 189 N.W.2d 221, 222 (Mich. 1971) (recognizing that judicial immunity had been extended to prosecuting attorneys under the theory that they acted in a quasi-judicial capacity). In applying the common-law principle of judicial or prosecutorial immunity, the Michigan courts have looked to the principles set forth by the United States Supreme Court for absolute immunity under 42 U.S.C. § 1983. *See Diehl v. Danuloff*, 618 N.W.2d 83 (Mich. App. 2000) (relying on *Forrester v. White*, 484 U.S. 219, 225 (1988), and *Pierson v. Ray*, 386 U.S. 547, 554 (1967), for the principles and application of common-law judicial immunity under Michigan law); *Payton v. Wayne County*, 357 N.W.2d 700, 702-703 (Mich. Ct. App. 1984) (applying the formulation of *Imbler v. Pachtman*, 424 U.S. 409 (1976), to Michigan common-law judicial immunity and holding that it is the functional nature of the prosecutor's alleged activities that determines entitlement to prosecutorial immunity). Under those authorities, "[a] judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority; rather, he will be subject to liability only when he has acted in the 'clear absence of all jurisdiction.'" *Stump v. Sparkman*, 435 U.S. 349, 356–357 (1978) (citation omitted).

7

Defendant Fagerman, as a judge, is an official of a type expressly covered by Mich. Comp. Laws § 691.1407(5). In addition, Defendant Ransom, as the chief county prosecutor, is the "highest appointive executive official," as defined by the provision. *See Bischoff v. Calhoun County Prosecutor*, 434 N.W.2d 249, 252-53 (Mich. Ct. App. 1988) (holding that immunity under Mich. Comp. Laws § 691.1407(5) applies not only to judges, but also to the chief prosecutor of a county) (citing *Genesee Prosecutor v. Genesee Circuit Judge*, 194 N.W.2d 693, 698 (1972) (holding that the prosecutor is the chief law enforcement officer of the county)). In addition, the statute grants immunity to the officials described for both negligent and intentional torts. *Bischoff*, 434 N.W.2d at 251. As a consequence, Defendants Fagerman and Ransom are both officials covered by the statute.

Moreover, despite Plaintiff's claim that the court lacked jurisdiction to prosecute him, both the trial judge and prosecutor were acting within the scope of their authority when they tried and convicted Plaintiff. As the Michigan Courts have recognized, circuit courts have subject-matter jurisdiction over criminal prosecutions. *People v. Lown*, 794 N.W.2d 9, 23 (Mich. 2011) ("Michigan circuit courts are courts of general jurisdiction and unquestionably have jurisdiction over felony cases."). In addition, regardless of any alleged defects in the bindover form, the circuit obtained personal jurisdiction over Plaintiff, because Plaintiff was bound over to that court after a preliminary examination. *See People v. Goecke*, 579 N.W.2d 868, 876 (Mich. 1998) (holding that personal jurisdiction is vested in the circuit court when the accused either waives or receives a preliminary examination before a magistrate judge, upon issuance of a proper return). A defect in the bindover form does not strip the circuit court of jurisdiction. *See* Mich. Comp. Laws § 769.26 (barring the setting aside of a conviction for any error or defect in procedure or pleading unless the error results in a miscarriage of justice); Mich. Comp. Laws § 767.76 (barring the setting aside

of a conviction for a defect in the form of the indictment or information); *People v. Hall*, 460 N.W.2d 520, 525 & n.9 (Mich. 1990) (rejecting the loose application of the word "jurisdiction" to suggest that an error at the preliminary examination stage affects the circuit court's jurisdiction). In any event, a party may waive any defect in personal jurisdiction by implicitly consenting to the court's jurisdiction. *Lown*, 794 N.W.2d at 23. Thus, because Plaintiff did not contest personal jurisdiction at the time of his bindover, he cannot now claim that jurisdiction was lacking.

Given the circuit court's clear personal and subject-matter jurisdiction over the case, it is equally clear that both the trial judge and chief prosecutor were acting "within the scope of [their] judicial, legislative, or executive authority," Mich. Comp. Laws § 691.1407(5), in bringing, trying, and obtaining convictions against Plaintiff. Therefore, even if Defendants could be held liable for the conduct of their predecessors, they are entitled to absolute immunity for Plaintiff's claims about his initial prosecution and trial.

Moreover, to the extent that Plaintiff intends to allege that Defendant Fagerman committed a tort by denying Plaintiff's motion for relief from judgment on June 19, 2018 (*See* Cir. Ct. Ord., ECF No. 1-1, PageID.26-27), his claim fails for the same reasons. Defendant Fagerman, as the circuit judge currently assigned to the case, had subject-matter jurisdiction over the proceedings. In addition, by placing his motion for relief from judgment before the court, Plaintiff clearly waived any claim that the court lacked personal jurisdiction. And in reaching his decision, Defendant Fagerman clearly was acting "within the scope of his or her judicial, legislative, or executive authority." Mich. Comp. Laws § 691.1407(5).

Plaintiff therefore fails to state a state-law claim against Defendants because they are immune from suit.

## **Conclusion**

Having conducted the review required by the Prison Litigation Reform Act, and considering Defendants' motion to dismiss, the Court determines that the complaint will be dismissed for failure to state a claim, under 28 U.S.C. § 1915A(b) and Fed. R. Civ. P. 12(b)(6).

The Court must next decide whether an appeal of this action would be in good faith within the meaning of 28 U.S.C. § 1915(a)(3). *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997). For the same reasons that the Court dismisses the action, the Court discerns no good-faith basis for an appeal. Should Plaintiff appeal this decision, the Court will assess the $505.00 appellate filing fee pursuant to § 1915(b)(1), *see McGore*, 114 F.3d at 610-11, unless Plaintiff is barred from proceeding *in forma pauperis*, e.g., by the "three-strikes" rule of § 1915(g). If he is barred, he will be required to pay the $505.00 appellate filing fee in one lump sum.

Notwithstanding the Court's determination that the complaint fails to state a claim, this is **not** a dismissal as described by 28 U.S.C. § 1915(g), because Plaintiff did not bring the action in this Court; the action instead was removed to this Court by Defendants.

An Order and Judgment consistent with this Opinion will be entered.


Dated:   September 11, 2018          /s/ Robert J. Jonker
                                     ROBERT J. JONKER
                                     CHIEF UNITED STATES DISTRICT JUDGE